**B1 (Official Form 1) (12/11)**

Bar No#: 6195164

| United States Bankruptcy Court NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION (CHICAGO) | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **Universal Windows, Inc** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **36-4460858** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **3508 W Ogden Chicago, IL** ZIP CODE **60623** | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: **Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed**  (Check one box.)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [x] Debts are primarily business debts.

**Filing Fee**  (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Check one box:**  **Chapter 11 Debtors**

- [ ] Debtor is a small business debtor as defined by 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).

**Check all applicable boxes:**

- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2012 (Build 9.1.30.1, ID 3606419595)*

**B1 (Official Form 1) (12/11)**

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Universal Windows, Inc** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed: **None** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet.)

| Name of Debtor: **None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

<table>
<tr>
<td><b>Exhibit A</b><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td>
<td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br><b>X</b>_____<br> Date </td>
</tr>
</table>

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2012 (Build 9.1.30.1, ID 3606419595)*

B1 (Official Form 1) (12/11)

## Voluntary Petition
*(This page must be completed and filed in every case)*

Name of Debtor(s):  **Universal Windows, Inc**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X_____

X_____

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X  **/s/ Thomas R. Hitchcock**
_____
**Thomas R. Hitchcock**          Bar No. **6195164**

**Kaplan Bankruptcy Firm LLC**
**55 E. Jackson Blvd**
**Suite 650**
**Chicago, Illinois 60604**

Phone No.**(312) 294-8989**      Fax No.**(312) 294-8995**

3/9/2012
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**Universal Windows, Inc**

X  **/s/ Mariusz J Nalepa**
_____
Signature of Authorized Individual

**Mariusz J Nalepa**
_____
Printed Name of Authorized Individual

**President**
_____
Title of Authorized Individual

**3/9/2012**
_____
Date

_____
Address

X_____

_____
Date

Signature of bankruptcy petiton preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B6A (Official Form 6A) (12/07)

In re  **Universal Windows, Inc**                                   Case No. _____
                                                                              (if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| None | | | | |
| | | **Total:** | **$0.00** | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Universal Windows, Inc**                                           Case No. _____

                                                                                            (if known)

# SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|
| 1. Cash on hand. | X | | |
| 2. Checking, savings or other finan-cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | | Citibank Checking<br><br>Citibank Savings | $3,511.08<br><br>$20.76 |
| 3. Security deposits with public util-ities, telephone companies, land-lords, and others. | X | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | X | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6. Wearing apparel. | X | | |
| 7. Furs and jewelry. | X | | |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | X | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | |
| 10. Annuities.  Itemize and name each issuer. | X | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Universal Windows, Inc**                                    Case No. _____

                                                                                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | X | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16. Accounts receivable. | | Accounts receivable | $2,500.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Universal Windows, Inc**                                    Case No. _____
                                                                                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26. Boats, motors, and accessories. | X | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Universal Windows, Inc**                                    Case No. _____

                                                                                (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | | Desks, Filing Cabinets and tables | $1,500.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 30. Inventory. | X | | |
| 31. Animals. | X | | |
| 32. Crops - growing or harvested. Give particulars. | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | |

_____3_____ continuation sheets attached        **Total >**        $7,531.84

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

B6C (Official Form 6C) (4/10)

In re  **Universal Windows, Inc**                                    Case No. _____
                                                                                    (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                              $146,450.*

☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Not Applicable | | | |

| | | | |
|---|---|---|---|
| *Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.* | | $0.00 | $0.00 |

B6D (Official Form 6D) (12/07)

In re  **Universal Windows, Inc**                                        Case No. _____
                                                                                              (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | Subtotal (Total of this Page) > | | | $0.00 | $0.00 |
| | | | Total (Use only on last page) > | | | $0.00 | $0.00 |

_____**No**_____continuation sheets attached

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/10)

In re  **Universal Windows, Inc**                                              Case No. _____

                                                                                              (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**

Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____1_____continuation sheets attached

B6E (Official Form 6E) (04/10) - Cont.

In re  **Universal Windows, Inc**                          Case No. _____
                                                              (If Known)

### SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
| --- | --- |

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ACCT #: xx-xxx0858<br><br>**Department of the Treasury Internal Revenue Service-230 S. Dearborn- STOP 5010 CHI Chicago, IL 60604** | | DATE INCURRED:<br>CONSIDERATION:<br>**Back Taxes**<br>REMARKS: | | | | **$10,000.00** | **$0.00** | **$10,000.00** |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Sheet no. ____1____ of ____1____ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotals (Totals of this page) > | $10,000.00 | $0.00 | $10,000.00 |
| --- | --- | --- | --- | --- |
| | Total > | $10,000.00 | | |

**(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)**

| | Totals > | | $0.00 | $10,000.00 |
| --- | --- | --- | --- | --- |

**(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07)

In re   **Universal Windows, Inc**                                    Case No. _____
                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:  **xx3641**<br>**Ameriprise Financial Services**<br>**70213 Amerprise Financial Services**<br>**Minneapolis, MN 55474** | | DATE INCURRED:<br>CONSIDERATION:<br>**Payroll Services**<br>REMARKS: | | | | **$200.00** |
| ACCT #:<br>**Associate Area Counsel, SB/SE**<br>**Internal Revenue Service**<br>**Suite 2300**<br>**200 West Adams**<br>**Chicago, IL 60606-5208** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only for Department of  the Treasury**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  **xx-x7348**<br>**Baker & Miller**<br>**29 N wacker Dr**<br>**Chicago, IL 60603** | | DATE INCURRED:<br>CONSIDERATION:<br>**Judgement**<br>REMARKS: | | | | **$8,018.00** |
| ACCT #:  **xx-xxx0858**<br>**Bank of America**<br>**135 South LsAlles**<br>**Chicago, IL 60603** | | DATE INCURRED:<br>CONSIDERATION:<br>**Business loan**<br>REMARKS: | | | | **$333,000.00** |
| **Representing:**<br>**Bank of America** | | **Lowis & Gellen**<br>**200 West Adams Street Suite 1900**<br>**Chicago, IL 60606**<br>**Attn: Clemon Ashley** | | | | **Notice Only** |
| ACCT #:  **xxxx 1626**<br>**Brain and Lisa Durrance**<br>**Cooper Storm & Piscupo**<br>**117 South Second Street**<br>**Geneva, IL 60134** | | DATE INCURRED:<br>CONSIDERATION:<br>**Attorney for Claimant**<br>REMARKS: | | | | **$8,445.47** |

|  | Subtotal > | **$349,663.47** |
|---|---|---|

_____**3**_____continuation sheets attached

**Total >**
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Universal Windows, Inc**                        Case No. _____
                                                                        (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:  **xxx x3652**<br>**Chicago Tribune**<br>**Edward Margolis**<br>**19 South LaSalle Suite 701**<br>**Chicago, IL 60603** | | DATE INCURRED:<br>CONSIDERATION:<br>**Attorney for Plaintiff**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  **xxxxxxxxxx/66/80**<br>**City of Chicago Dept of Administrative H**<br>**400 West Superior**<br>**Chicago, IL 60606** | | DATE INCURRED:<br>CONSIDERATION:<br>**Adminstrative fees**<br>REMARKS: | | | | **$35,000.00** |
| ACCT #:  **xxxx xx xxxxxxx xx xxxxxxxxx xxxd**<br>**City of Chicago-Dept pf Bisomess Affairs**<br>**121 North LaSalle Room 805**<br>**Chicago, IL 60602** | | DATE INCURRED:<br>CONSIDERATION:<br>**Administrative Fees**<br>REMARKS: | | | | **$5,000.00** |
| ACCT #:<br>**D. Patrick Mullarkey**<br>**Tax Div (DOJ)**<br>**P.O. Box 552 Ben Franklin Station**<br>**Washington, D.C. 20044** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only for Department of the Treasury**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  **xxxx3053**<br>**Debt Alert**<br>**4836 Brecksville Road**<br>**P.O. Box 509**<br>**Richfield, OH 44286** | | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Account**<br>REMARKS: | | | | **$8,018.00** |
| ACCT #:<br>**Debt Alert**<br>**4836 Brecksville Road**<br>**P.O. Box 509**<br>**Richfield, OH 44286** | | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Account**<br>REMARKS: | | | | **$0.00** |

Sheet no. ____**1**____ of ____**3**____ continuation sheets attached to          **Subtotal >**          | **$48,018.00** |
Schedule of Creditors Holding Unsecured Nonpriority Claims

**Total >**
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Universal Windows, Inc**                              Case No. _____

                                                                          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:  **xxxx xx xx0082**<br>**Edgar Pedraza**<br>**3446 North New England**<br>**Chicago, IL 60680** | | DATE INCURRED:<br>CONSIDERATION:<br>**Law Suit**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Internal Revenue Service**<br>**Attn: Bankruptcy Department**<br>**Mail Stop 5010 CHI**<br>**230 South Dearborn Street**<br>**Chicago, IL 60604** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only for Department of the Treasury**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Internal Revenue Service**<br>**PO Box 7346**<br>**Philadelphia, PA 19101-7346** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only for Department of the Treasury**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Internal Revenue Service**<br>**PO Box 7317**<br>**Philadelphia, PA 19101-7317** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only for Department of the Treasury**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Internal Revenue Service**<br>**2970 Market Street**<br>**Mail Stop 5-Q30, 133**<br>**Philadelphia, PA 19104-5016** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only for Department of the Treasury**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  **xxx2494**<br>**Joseph Mann & Creed**<br>**20600 Chagrin Blvd Suite 550**<br>**Shaker Heights, OH 44122** | | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Account**<br>REMARKS: | | | | **$7,074.14** |

Sheet no. _____**2**_____ of _____**3**_____ continuation sheets attached to          **Subtotal >**          | **$7,074.14**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                          **Total >**
                                     **(Use only on last page of the completed Schedule F.)**
                                  **(Report also on Summary of Schedules and, if applicable, on the**
                                     **Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Universal Windows, Inc**                                   Case No. _____

(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:  **xxx1761**<br>**Levy Diamond Bello & Associates, LLC**<br>**P.O. Box 352**<br>**Milford, CT 06460** | | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Account**<br>REMARKS: | | | | **$53,218.00** |
| ACCT #:  **xxx xxx1089**<br>**Marketing Partnership International**<br>**David Rossenfield**<br>**1000 Skolie Blvd Suite 410**<br>**Wilmette, IL 60091** | | DATE INCURRED:<br>CONSIDERATION:<br>**Atorney for plaintiff**<br>REMARKS: | | | | **$40,859.50** |
| ACCT #:  **xxxx xx3591**<br>**Steven R. Weinberg**<br>**33 North County Street**<br>**Waukegan, IL 60085** | | DATE INCURRED:<br>CONSIDERATION:<br>**Law Suit**<br>REMARKS: | | | | **$6,000.00** |
| ACCT #:<br>**United States Attorney**<br>**219 South Dearborn**<br>**Chicago, IL 60604** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only for Department of the Treasury**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  **x2629**<br>**Village of South Holland**<br>**16240 Wasau Avenue**<br>**South Holland, IL 60473** | | DATE INCURRED:<br>CONSIDERATION:<br>**Adminstrative Fees**<br>REMARKS: | | | | **$100.00** |
| | | | | | | |

Sheet no. ____3____ of ____3____ continuation sheets attached to                                    **Subtotal >** | **$100,177.50**

Schedule of Creditors Holding Unsecured Nonpriority Claims

**Total >** | **$504,933.11**

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

B6G (Official Form 6G) (12/07)

In re  **Universal Windows, Inc**                                    Case No. _____

                                                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B6H (Official Form 6H) (12/07)

In re  **Universal Windows, Inc**                    Case No. _____

                                                                    (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

B6 Summary (Official Form 6 - Summary) (12/07)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

In re  **Universal Windows, Inc**                                    Case No.

                                                                     Chapter      **7**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 4 | $7,531.84 | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $10,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $504,933.11 | |
| G - Exectory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | | | | N/A |
| TOTAL | | 14 | $7,531.84 | $514,933.11 | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **Universal Windows, Inc**                                    Case No. _____
                                                                                           (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____**President**_____ of the _____**Corporation**_____
named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
_____**16**_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

(Total shown on summary page plus 1.)

Date **3/9/2012**_____        Signature __**/s/ Mariusz J Nalepa**_____
                                                                                        **Mariusz J Nalepa**
                                                                                        **President**

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

_____

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or
both.  18 U.S.C. §§ 152 and 3571.*

B7 (Official Form 7) (04/10)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:  **Universal Windows, Inc**                               Case No. _____

                                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

### 1. Income from employment or operation of business

None ☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 2000.00 | 2012 Year to Date Universal |
| 4,000,000.00 | 2009 Universal Windows |
| 4000000.00 | 2008 Universal Windows |

---

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☑

a.  Individual or joint debtor(s) with primarily consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

---

None ☑

c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| 2010AR 1626 Brian and Lisa Durrance | Civil Lawsuit Attorney for Plaintiff | Circuit Court of Dupage county | Pending |

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:  **Universal Windows, Inc**                                 Case No. _____

                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 1*

| | | | |
|---|---|---|---|
| **vs**<br>**Universal Windows** | **Cooper Storm &**<br>**Piscupo**<br>**117 South Second**<br>**Street**<br>**Geneva, IL 60134** | | |
| **2012 M 1 040082**<br>**Edgar Pedraza**<br>**vs**<br>**Universal Windows** | **Civil Lawsuit**<br>**Edgar Pedraza, Prose**<br>**3446 North New**<br>**England**<br>**Chicago, IL 60680** | **Circuit Court of cook**<br>**County** | **Pending** |
| **11I 13652**<br>**Chicago Tribune Company**<br>**vs**<br>**Universal Windows** | **Civil Lawsuit**<br>**Chicago Tribune**<br>**Edward Margolis**<br>**19 South LaSalle**<br>**Suite 701**<br>**Chicago, IL 60603** | **Circuit Court of Cook**<br>**County** | **Pending** |
| **11M1 163591**<br>**Steven Weinerg, Pro Se**<br>**vs**<br>**Universal Windows** | **Civil Lawsuit**<br>**Steven R. Weinberg**<br>**33 North County**<br>**Street**<br>**Waukegan, IL 60085** | **Circuit court of Cook**<br>**County** | **Pending** |
| **11 M2 001089**<br>**Market Partnership**<br>**vs**<br>**Universal WIndows** | **Civil Lawsuit**<br>**Attorney for Plaintiff**<br>**David Rosenfield**<br>**1000 Skokie Blve**<br>**Wilmette, IL 60091** | **Circuit Court of cook**<br>**County** | **Pending** |

None
☑   b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None
☑   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None
☑   a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑   b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/10) - Cont.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

In re:   **Universal Windows, Inc**                          Case No. _____

                                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

---

### 7. Gifts

None ☑

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Kaplan Bankruptcy Firm LLC** **55 East Jackson Blvd** **Suite 650** **Chicago, Illinois 60604** | 03/02/2012 | $2,500.00 |

---

### 10. Other transfers

None ☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

### 11. Closed financial accounts

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 12. Safe deposit boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Universal Windows, Inc**                                       Case No. _____

                                                                                                (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

None
☑

### 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

### 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

---

None
☑

### 15. Prior address of debtor

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

---

None
☑

### 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None
☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None
☑

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None
☑

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Universal Windows, Inc**                                        Case No. _____

                                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 4*

---

**None**
☑

**18. Nature, location and name of business**

a.  If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

---

**None**
☑

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

---

**None**
☐

**19. Books, records and financial statements**

a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| **NAME AND ADDRESS** | **DATES SERVICES RENDERED** |
|---|---|
| **Violetta Slowik** | **to present** |
| **1234 South Western Avenue** | |
| **Park RIdge, IL 60068** | |

---

**None**
☑

b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

**None**
☑

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

---

**None**
☑

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

---

**None**
☑

**20. Inventories**

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Universal Windows, Inc**                                    Case No. _____

                                                                                                      (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

---

None
☑   b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

### 21. Current Partners, Officers, Directors and Shareholders

None
☑   a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None
☑   b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

### 22. Former partners, officers, directors and shareholders

None
☑   a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None
☑   b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

---

### 23. Withdrawals from a partnership or distributions by a corporation

None
☑   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

### 24. Tax Consolidation Group

None
☑   If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

---

### 25. Pension Funds

None
☑   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:  **Universal Windows, Inc**                                Case No. _____

                                                                                    (if known)

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 6*

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date ___**3/9/2012**_____          Signature ___**/s/ Mariusz J Nalepa**_____

                                                                                    ***Mariusz J Nalepa***
                                                                                    ***President***

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:   **Universal Windows, Inc**                                CASE NO

                                                                   CHAPTER   **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

PART A -- Debts secured by property of the estate.  (Part A must be fully completed for EACH debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No.   1 | |
|---|---|
| **Creditor's Name:**<br>None | **Describe Property Securing Debt:** |

Property will be (check one):
☐ Surrendered      ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):

Property is (check one):
☐ Claimed as exempt      ☐ Not claimed as exempt

PART B -- Personal property subject to unexpired leases.  (All three columns of Part B must be completed for each unexpired lease.  Attach additional pages if necessary.)

| Property No.   1 | | |
|---|---|---|
| **Lessor's Name:**<br>None | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>YES ☐          NO ☐ |

B 8 (Official Form 8) (12/08)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

IN RE:   **Universal Windows, Inc**                                          CASE NO

                                                                 CHAPTER   **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

*Continuation Sheet No. 1*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  _3/9/2012_____          Signature  _/s/ Mariusz J Nalepa_____
                                                             **Mariusz J Nalepa**
                                                             **President**

Date  _____          Signature  _____


## CERTIFICATE OF SERVICE

        I, the below signed, do hereby certify that a true and correct copy of the foregoing Chapter 7 Individual Debtor's Statement of Intention was mailed or otherwise served to the Chapter 7 Trustee, the secured creditors as listed on Schedule D, the United States Trustee and/or to any other interested parties as may be required by B.R. 1007 and applicable local bankruptcy rules.


Date  _3/9/2012_____          _/s/ Thomas R. Hitchcock_____
                                                   **Thomas R. Hitchcock**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:   **Universal Windows, Inc**                                    CASE NO

                                                                        CHAPTER   **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---:|
| For legal services, I have agreed to accept: | **$2,194.00** |
| Prior to the filing of this statement I have received: | **$2,194.00** |
| Balance Due: | **$0.00** |

2. The source of the compensation paid to me was:
   ☑ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor                    ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **3/9/2012** | **/s/ Thomas R. Hitchcock** |
| *Date* | *Thomas R. Hitchcock*          Bar No.  6195164 |
| | Kaplan Bankruptcy Firm LLC |
| | 55 E. Jackson Blvd |
| | Suite 650 |
| | Chicago, Illinois 60604 |
| | Phone: (312) 294-8989 / Fax: (312) 294-8995 |

---

## ATTORNEY RETAINER AGREEMENT FOR CHAPTER 7 BANKRUPTCY REPRESENTATION

Agreement made this 9th day of **March**, 2012 by and between **Universal Windows, Inc** and **Kaplan Bankruptcy Firm, LLC**, hereinafter referred to as "Attorney".

1. **Chapter 7 Representation:** CLIENT(S) hereby retains Attorney to perform legal services relative to the preparation and filing of a Chapter 7 Bankruptcy Petition, client consultation, "First Meeting of the Creditors" before the Trustee, and Reaffirmation Hearings *ONLY*.

2. CLIENT(S) understands that ATTORNEY cannot and will not, in any way, guarantee the outcome of the proceedings in order to effectuate Client's wishes as expressed in Paragraphs. (1) and (2) above, especially when CLIENT(S); files during or after a Sheriff's sale on foreclosure, owes student loans, owes alimony, owes child support, owes real estate and personal income taxes and has certain criminal judgments. CLIENT(S) understands that **Kaplan Bankruptcy Firm, LLC** cannot guarantee that CLIENT(S) will be allowed to retain their real estate if the home is valued more than the  Illinois State exemptions limits.

3. CLIENT(S) agree to fully cooperate with in respect to the Chapter 7. You agree to provide us with complete and accurate information concerning your financial affairs. You agree to provide us with a complete and accurate list of creditors, real and personal property, all pay stubs and proof of income, Income Tax Returns and other information required by the United States Bankruptcy Court and the Chapter 7 Trustee responsible for your case.

4. CLIENT(S) understand that we will not be able to provide adequate legal representation if you fail to provide us with complete and accurate information, failure to fully cooperate with us or to fulfill your obligations as a Chapter 7 debtor. You further understand that failure to cooperate with us or to fulfill your duties under your Chapter 7 Bankruptcy Case may increase  the cost of legal services we render or may result in your Chapter 7 case being dismissed by the United States Trustee or any of your creditors.  When you file a bankruptcy case you are required to completely and honestly disclose to the court and in public documents all the creditors that you have and all the property you own.  You must list all creditors and personal  loans with friends/family member(s). You must also list all the property you own.  If you have vehicles that you want to retain you must be current and you must maintain full coverage  insurance according to the requirements of your lender..  If your insurance lapses the lender will have the right to repossess the vehicle.

5. CLIENT(S) understands that if you have joint debts with other individuals those individuals maybe adversely affected.  If CLIENT(S) has joint debts with family members or friends such as someone co-signed an obligation for you or someone allows you to use their credit card or credit,  Chapter 7 bankruptcy case may negatively affect their credit report.  Please be further advised that we do NOT provide legal services related to credit or credit report.  Therefore, we will be unable to assist you or any third party with credit or credit related issues during or after the bankruptcy case.  If CLIENT(S) has bills or debts that are not in your name but are in the name of a family member or friend such as telephone bill or utility bill.  Please be informed that the bankruptcy case and automatic stay which stops collection efforts of creditors only applies to the person filing the bankruptcy.

6. CLIENT(S) understands that during the pendency of the bankruptcy court MUST approve any sale or refinancing of any real property that you own along with the right of any real estate agent to receive a commission.

7. CLIENT(S) understands and agrees that this Retainer Agreement is the entire Agreement between CLIENT(S) and ATTORNEY and covers only those services to be rendered by ATTORNEY as described herein.

8. CLIENT(S) understands that we are and do not become your attorneys in any foreclosure case filed against you. This agreement is limited to the Chapter 7 Bankruptcy case *ONLY* that we filed for you in the United States Federal Bankruptcy Court. Our representation will continue while the Chapter 7 is pending.  Our representation will end if the Chapter 7 case is dismissed by the court, once  you receive a discharge of debts or if it is terminated as provided in this agreement.  The execution of this agreement does not obligate Hitchcock & Associates, P.C. nor Thomas R. Hitchcock to represent any individual or entity other than our CLIENT(S) and in connections with any other matter other than the Chapter 7 Bankruptcy.  CLIENT(S) understand that this agreement does NOT obligate us to represent you in connection with any lawsuit filed against you by any third party in the bankruptcy court of any other court. (e.g. Adversary proceedings  for fraud etc..)

9. . CLIENT(S) understands specifically that paragraphs (1) and (2) legal representation **DOES NOT INCLUDE** any legal services provided relative to, including but not limited to, Motion to Avoid Liens , Objections to Dischargeability of a particular debt and/or objections to discharge of all debt, motions to lift or annul the automatic stay or for dismissal of

the Chapter 7 case due to nonpayment of any Chapter 7 post petition payments or any Adversary hearings. Legal services for any such proceedings will be billed on a hourly basis at a separate rate as set forth in paragraph 10 of this agreement.

10. Attorney shall be compensated for their services performed pursuant to this Agreement in the following manner: **TWO THOUSAND ONE HUNDRED AND NINETY FOUR DOLLARS AND ZERO CENTS ( $2,194.00 ) WHICH MUST BE PAID IN FULL PRIOR TO FILING OF ANY BANKRUPTCY** AND THAT ANY ADDITIONAL SERVICES ARE BILLED at a rate of Attorney Time $295.00 dollars per hour and Paraprofessional Time at $95.00 per hour. **PLEASE NOTE THERE WILL ALSO BE ADDITIONAL CHARGES OF $50.00 FOR ANY CREDITORS ADDED AFTER FILING.**

11. CLIENT(S) hereby acknowledges that CLIENT(S) has been advised by ATTORNEY not to delay in the resolution of the legal matter described here in above as there may exist various calendar deadlines and time limits which may foreclose and prejudice various legal rights, remedies and defenses available to CLIENT(S).

12.. CLIENT(S) hereby acknowledges receipt of a fully executed duplicate original of this Attorney Retainer Agreement and understands that *ALL RETAINERS FEES ARE NON-REFUNDABLE WHETHER A CASE IS FILED OR NOT.*

13. In the event CLIENT(S) converts from a 7 to a Chapter 13, our representation is not part of the initial fee. In case the debtor decides to retain any real property CLIENT(S) hereby acknowledges understanding of CLIENT'S obligation to pay monthly mortgage payments and current household expenses themselves and not through the Trustee's office and that the CLIENT(S) must start making his/her monthly Trustee payments and monthly mortgage payments immediately following the date of the initial filing of the Chapter 7 case. **THE TRUSTEE PAYMENT IS DUE THIRTY DAYS FROM THE DATE HIS/HER PETITION IS FILED. The Client(s) must make the regular monthly mortgage payment on the next payment due date (usually the first of the month).**

14. CLIENT(S) further understands that Criminal Judgments or specific judgments cannot be eliminated in a Bankruptcy which includes traffic and parking fines.

15. CLIENT(S) represents and guarantees by signing this contract that he/or she has provided **HITCHCOCK & ASSOCIATES, P.C.** with complete and accurate information regarding **ALL** of their assets and liabilities including but not limited to all Real Estate, vehicles, personal property, savings, checking account, pension annuities, stocks, bonds, life insurance policies, lawsuits, and all debts up to and including the time of the Bankruptcy filing. **PLEASE BE ADVISED THAT THE UNITED STATES TRUSTEE HAS THE LEGAL AUTHORITY TO SEIZE MONIES FROM YOUR CURRENT TAX RETURN(S) IN EXCESS OF YOUR EXEMPTIONS.**

16. CLIENT(S) represents and understands that he/ or she is surrendering any or all property that is in foreclosure at the time of the filing of this Chapter 7 petition unless he/ or she can provide proof of employment and income prior to converting to a Chapter 13 Reorganization and as long as the Mortgage company has not been granted relief from the Automatic Stay. CLIENT(S) understand that even if a Real Estate Property is being surrendered in the bankruptcy, the property owner(s) are and is is still responsible for the upkeep of the property of the property up to and including building code violations and citations until the full foreclosure completes. CLIENT(S) understands that pre or post-petition Condominium Assessments cannot be discharged in a bankruptcy even if the client(s) is surrendering the property

17. CLIENT(S) understands that most IRS debt and all secured IRS liens, Illinois Department of Revenue Taxes/Liens/ Fines/Penalties , Illinois Department of Employment Security Penalties/fines and or City of Chicago Department of Revenue fines or Municipality Revenues and or fines, Building Code Violation fines are not dischargeable in a Chapter 7 Bankruptcy Liquidation. At the time of this filing, if the CLIENT(S) are going to retain any real estate, vehicles or any other personal property, CLIENT(S) must be current with their mortgage payments and automobile payments, otherwise the mortgage/ finance company may not issue a reaffirmation agreement to keep the aforementioned real and personal property. CLIENT(S) also acknowledges that if they are not current before a Motion for relief from the automatic stay, **Kaplan Bankruptcy Firm, LLC.** and the attorneys representing the creditor will and may charge additional fees to represent them in court.

18. CLIENT (S) understands that some creditors may hold a secured interest in goods or services and may require a reaffirmation if they want to keep possession of those goods and services. CLIENT(s) understands that if there are co-debtors on any debts, the filing of this Bankruptcy will not protect them unless the debt is reaffirmed.

19.. CLIENT(S) understands that some debts may not be discharged if the CLIENT(S) has made recent credit charges prior to filing of this Chapter 7 or has defrauded the credit card companies or finance companies in any way.

20. CLIENT(S) understands that if there is be a conversion from a Chapter 13 to a Chapter 7 they must be completely current with their mortgage payments, if any and or their automobile finance companies, if any, otherwise their property may be repossessed.

21. CLIENT(S) understands that it is their sole responsibility and cost and not the responsibility of the attorney to provide proof of current market value of any and all real estate and personal property. CLIENT(S) understands that any Chapter 7 Trustee or Untied States Trustee may have an interest in any or all accounts receivable and or any investments including any interest in Real Estate. CLIENT(S) understands that any Chapter 7 Trustee or United States Trustee may undo any fraudulent transfer of real estate and or personal property which was completed within three years of the Bankruptcy Filing..

22. CLIENT(S) understands he/or she must pass a means tests in order to qualify for a Chapter 7. The Attorney cannot and will not guarantee the outcome. Client(s) understands she/or he must provide at least TWO (2) years of income tax returns and proof of all income. Client also understands that Hitchcock & Associates, P.C. will order a Credit Report from Credit Infonet and Asset Report from Lexis Nexis. The client(s) also understands that he must complete Pre-Bankruptcy Credit Counseling prior to filing and a Financial Management Course prior to Discharge and within 30 days of the initial filing. **PLEASE NOTE**: That if the U.S. Bankruptcy Court closes your case without a discharge and you complete your course after the court closes your case, we will have to charge you an additional $600.00-$800.00 to have the courts reopen your case. We will **NOT** be responsible if you miss the deadline required for filing the Personal Financial Management Certificate and it is your responsibility to make sure our office receives the Certificate(s). *PLEASE call our office to make sure that is was in fact received.*

23. Either party may terminate this agreement with or without cause at any time upon given written notice to the other party. The termination of this agreement will affect you obligation to pay for legal services we have performed for you. We agree in the event this agreement is terminated to return all files in our possession provided you have paid all outstanding legal fees and expenses. We believe that you will honor your Agreements to pay the bill for our services promptly and cooperate with us. However, we reserve the right to withdraw as your attorneys and to terminate this agreement if our legal fees and expenses are not as set forth in this agreement, if you fail to cooperate with us during the chapter 13 proceeding or if you fail to comply with any other terms of the agreement. We also reserve the right to add a collection charge of twenty-five percent (25%) of the outstanding balance due in the event we are required to refer any unpaid bill for collection because it remains unpaid for more than sixty days. This agreement contains our full and complete understanding. This agreement supersedes all prior representations and understandings whether written or oral. This agreement shall be governed by the laws of the State of Illinois in all respects.

24. PLEASE NOTE: After you receive your discharge, you may want to start taking steps to review and correct your credit because unfortunately incorrect information contained in credit reports has become the rule and not the exception. Your bankruptcy filing is not related in any way to information retained incorrectly by credit reporting agencies. The fair debt collection practices act governs credit reporting agencies. The solution is to obtain your credit report(s) from the major credit bureaus. You should then make written corrections of all the derogatory and/or inaccurate information contained on those reports. If the credit bureau fails to respond to your corrections within 30 days, they are *MANDATORILY* required to remove the information to which they did not respond. This is a time intensive task (Credit clean up), but well worth the task once you have finished. Additionally if there are creditors omitted from your Bankruptcy, the law in Re: Mendiola 99BR864(BANKR.N.D.ILL 1989), determined that any creditors whose debt was incurred prior to the date of filing their case, that are inadvertently omitted from a Chapter 7 bankruptcy are in fact discharged by the bankruptcy. This is about the best information I can provide you.

25. Please date and countersign this Agreement in the space below. Then we will have a written memorandum of our mutual understanding. Please retain a copy of this agreement for your file CLIENT(S) hereby acknowledge receipt of a fully executed duplicate original of this agreement

_____

**THOMAS R. HITCHCOCK**

(X) _____

Mariusz J. Nalepa
**Universal Windows, Inc**

Kaplan Bankruptcy Firm, LLC
**55 EAST JACKSON BLVD SUITE 650**
**CHICAGO, IL 60604**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:   **Universal Windows, Inc**                                    CASE NO

                                                                       CHAPTER   **7**

## <u>VERIFICATION OF CREDITOR MATRIX</u>

  The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.


Date  3/9/2012 _____          Signature  _/s/ Mariusz J Nalepa_____
                                                   *Mariusz J Nalepa*
                                                   *President*


Date _____          Signature _____

AMERIPRISE FINANCIAL SERVICES
70213 AMERPRISE FINANCIAL SERVICES
MINNEAPOLIS, MN 55474


ASSOCIATE AREA COUNSEL, SB/SE
INTERNAL REVENUE SERVICE
SUITE 2300
200 WEST ADAMS


BAKER & MILLER
29 N WACKER DR
CHICAGO, IL 60603


BANK OF AMERICA
135 SOUTH LSALLES
CHICAGO, IL 60603


BRAIN AND LISA DURRANCE
COOPER STORM & PISCUPO
117 SOUTH SECOND STREET
GENEVA, IL 60134


CHICAGO TRIBUNE
EDWARD MARGOLIS
19 SOUTH LASALLE SUITE 701
CHICAGO, IL 60603


CITY OF CHICAGO DEPT OF ADMINISTRATIVE H
400 WEST SUPERIOR
CHICAGO, IL 60606


CITY OF CHICAGO-DEPT PF BISOMESS AFFAIRS
121 NORTH LASALLE ROOM 805
CHICAGO, IL 60602


D. PATRICK MULLARKEY
TAX DIV (DOJ)
P.O. BOX 552 BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

DEBT ALERT
4836 BRECKSVILLE ROAD
P.O. BOX 509
RICHFIELD, OH 44286

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE-
230 S. DEARBORN- STOP 5010 CHI
CHICAGO, IL 60604

EDGAR PEDRAZA
3446 NORTH NEW ENGLAND
CHICAGO, IL 60680

INTERNAL REVENUE SERVICE
ATTN: BANKRUPTCY DEPARTMENT
MAIL STOP 5010 CHI
230 SOUTH DEARBORN STREET

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

INTERNAL REVENUE SERVICE
PO BOX 7317
PHILADELPHIA, PA 19101-7317

INTERNAL REVENUE SERVICE
2970 MARKET STREET
MAIL STOP 5-Q30, 133
PHILADELPHIA, PA 19104-5016

JOSEPH MANN & CREED
20600 CHAGRIN BLVD SUITE 550
SHAKER HEIGHTS, OH 44122

KAPLAN BANKRUPTCY FIRM LLC
55 E. JACKSON
SUITE 650
CHICAGO, ILLINOIS 60604

LEVY DIAMOND BELLO & ASSOCIATES, LLC
P.O. BOX 352
MILFORD, CT 06460


LOWIS & GELLEN
200 WEST ADAMS STREET SUITE 1900
CHICAGO, IL 60606
ATTN: CLEMON ASHLEY

MARKETING PARTNERSHIP INTERNATIONAL
DAVID ROSSENFIELD
1000 SKOLIE BLVD SUITE 410
WILMETTE, IL 60091

OFFICE OF THE UNITED STATES TRUSTEE
219 SOUTH DEARBORN, ROOM 873
CHICAGO, IL 60604


STEVEN R. WEINBERG
33 NORTH COUNTY STREET
WAUKEGAN, IL 60085


UNITED STATES ATTORNEY
219 SOUTH DEARBORN
CHICAGO, IL 60604


UNIVERSAL WINDOWS, INC
3508 W OGDEN
CHICAGO, IL 60623


VILLAGE OF SOUTH HOLLAND
16240 WASAU AVENUE
SOUTH HOLLAND, IL 60473